UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KELLY E. WRIGHT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 04-CV-0193-CVE-PJC |
| | ) |
| **ONEOK LONG TERM DISABILITY PLAN,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Plaintiff filed this action seeking to recover benefits and enforce his rights under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). ONEOK Long Term Disability Plan ("the Plan") has filed a motion for summary judgment (Dkt. # 5) asserting that plaintiff failed to exhaust his administrative remedies before filing his lawsuit. Plaintiff has responded and filed a cross-motion for summary judgment (Dkt. # 7), claiming that the Plan's deficient notice of denial justifies reinstatement of his disability benefits.

**I.**

Plaintiff was an employee of ONEOK, Inc., an energy company engaged in gathering and producing natural gas and oil in the midwestern United States. On August 13, 1998, plaintiff suffered a work-related injury and on March 9, 1999, he applied for long-term disability benefits under the Plan. The Plan approved his request for benefits on April 1, 1999. In late 2003, the Plan informed plaintiff that it was reviewing his claim for disability benefits. On January 5, 2004, plaintiff was evaluated by Emily D. Friedman, M.D., at the request of the Plan. Dr. Friedman

determined that plaintiff would not be capable of returning to his previous job, but that he could perform more sedentary types of work.

On January 21, 2004, the Plan notified plaintiff that it was terminating his long-term disability benefits. However, this letter did not contain a description of the appeal process required before an ERISA suit could be filed. Plaintiff filed this lawsuit on March 15, 2004. The Plan sent plaintiff an amended denial letter on March 31, 2004, which contained a full description of the internal review and appeal procedures that plaintiff must follow before filing a lawsuit. Plaintiff has asked the Court to deem all administrative procedures exhausted due to the Plan's technical noncompliance with ERISA's written notice requirements. He also claims that this is enough to show the plan acted arbitrarily and capriciously, and that the Court should reinstate his long-term disability benefits.

The plan defines disability using an "any occupation" standard, and provides that "total disability" means:

> (a) during the Waiting Period and the next twenty-four (24) months of disability, any medically determinable physical or mental impairment that (1) can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than six (6) months (with such expectations to be determined by the Committee), and renders a Participant unable to perform any job within the Company which the Participant has the ability to perform with such disability; and (b) after such twenty-four (24) month period the inability of a Participant to perform each and every duty of any occupation that qualifies the Participant for disability benefits under the Social Security Act; provided, that if the Social Security Administration denies a Participant's application for disability benefits, the Participant may file a request for reconsideration of that denial with the Social Security Administration within sixty (60) days (or other currently prescribed time period), and if the Social Security Administration allows disability benefits after reconsideration, the Participant shall be considered to have a Total Disability entitling the Participant to Disability Benefits under the Plan, subject to all of the Plan's other requirements; provided, further, that if the Social Security Administration denies disability benefits after reconsideration, Total Disability shall be deemed not to exist, and Disability Benefits under the Plan will be denied and terminated.

Dkt. # 6, Ex. B, ONEOK, Inc. and Subsidiaries Long-Term Disability Plan, at 6-7. The Plan appoints a committee of at least three members, which may be directors or employees of the Plan, to make benefit determinations. The committee has the authority "to make all determinations and interpretations, in its discretion, with respect to administration of the Plan." Id. at 15.

Plaintiff claims that his entitlement to Social Security benefits is unequivocal evidence that the Plan must continue to pay long-term disability benefits. Plaintiff takes medication that impairs his ability to work and he states that his physical and mental condition is deteriorating daily. The plaintiff has provided a recorded statement taken by his attorney wherein he discusses his medical condition; however, this is the only documentation in the administrative record which supports plaintiff's contention that he is permanently disabled. The only medical records in the administrative record are Dr. Friedman's letter to the Plan regarding her evaluation of plaintiff.

The Plan argues that plaintiff has prematurely filed his lawsuit and that the case must be remanded so that plaintiff can exhaust his administrative remedies. Plaintiff has responded by arguing that the Plan's failure to strictly comply with ERISA's notice requirements makes exhaustion unnecessary under federal regulations, and that remand would be futile. Plaintiff has also filed a cross-motion for summary judgment asking the Court to find the plan administrator's decision arbitrary and capricious and reinstate his benefits.

## II.

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327 (citations omitted).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff. Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

Defendant moves for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies. Although ERISA does not contain any express provisions requiring exhaustion of administrative remedies, the Tenth Circuit has held that "exhaustion of administrative remedies (i.e. company- or plan-provided) is an implicit prerequisite to seeking judicial relief." Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1206 (10th Cir. 1990). This doctrine prevents "premature judicial interference with the interpretation of a plan [that] would impede those internal processes which result in a completed record of decision making for a court to review." Whitehead v. Oklahoma Gas & Electric Co., 187 F.3d 1184, 1190 (10th Cir. 1999). There are two exceptions that excuse a plaintiff's failure to exhaust administrative remedies. First, exhaustion is not required if it would be futile. Second, exhaustion may be excused if the administrative remedy provided by the plan administrator would be inadequate. McGraw v. Prudential Ins. Co. of America, 137 F.3d 1253, 1263 (10th Cir. 1998).

Plaintiff argues that remanding the case to exhaust the Plan's internal appeal procedures would be futile, because the shortcomings of the initial denial letter constitute an arbitrary and capricious act on the part of the Plan. Plaintiff also cites several administrative regulations which suggest that a technical deficiency in a denial letter has the effect of waiving a judicially imposed requirement to exhaust administrative remedies.[1] Federal regulations provide that a notice of denial must contain: (1) a specific reason for denial of the claim; (2) reference to the particular provision of the plan used a basis for denial; (3) a request for any additional information necessary to resolve

---

[1] In his complaint, plaintiff alleges that "In [the] letter denying his benefits there is no provision for any administrative appeal and accordingly under the Department of Labor's regulations, his administrative remedies have been deemed exhausted." Complaint (Dkt. # 1), at 2.

5

the claim; and (4) a description of the plan's procedures and time limits for filing an appeal. 29 C.F.R. § 2560.503-1(g). If the notice letter does not contain all of these elements, the claimant shall be deemed to have exhausted his administrative remedies. 29 C.F.R. § 2560.503-1(l). The Plan argues that not every act of noncompliance with the notice requirements of 29 U.S.C. § 1133 allows a claimant to forego the available administrative remedies. The Plan also contends that the administrative record before the Court is inadequate and precludes judicial review until the parties have completed the Plan's appeal process.

The case law is clear that when a denial letter is not in substantial compliance with the notice provisions of ERISA, the appropriate remedy is to remand the case to the plan administrator for further consideration. McCartha v. National City Corp., 419 F.3d 437, 444 (6th Cir. 2005) ("If the denial notice is not in substantial compliance with § 1133, reversal and remand to the district court or the plan administrator is ordinarily appropriate."); Syed v. Hercules Inc., 214 F.3d 155, 163 (3rd Cir. 2000) ("the remedy for a violation of § 503 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review"); Counts v. American General Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997) ("the usual remedy is not excusal from the exhaustion requirement, but remand to the plan administrator for an out-of-time administrative appeal"); Weaver v. Phoenix Home Mut. Ins. Co., 990 F.2d 154, 159 (4th Cir. 1993) ("Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan administrator's noncompliance, the proper course of action for the court is to remand to the plan administrator for a 'full and fair review.'"). Most courts have adopted a substantial compliance test, instead of a strict compliance test, to determine whether the plan administrator's notice was sufficient. Lacy v. Fulbright &

Jaworski, 405 F.3d 254, 256-57 (5th Cir. 2005); Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 107-08 (2nd Cir. 2003); Hickman v. GEM Ins. Co., 299 F.3d 1208, 1215 (10th Cir. 2002); White v. Aetna Life Ins. Co., 210 F.3d 412, 414 (D.C. Cir. 2000); Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120,127 (4th Cir. 1994); Donato v. Metropolitan Life Ins. Co., 19 F.3d 375, 382 (7th Cir. 1994).

Plaintiff's contention that the Plan's failure to strictly comply with the notice requirements of section 1133 requires the Court to excuse plaintiff's failure to exhaust administrative remedies is not supported by judicial precedent. Plaintiff relies on McLean Hospital Corporation v. Lasher, 819 F. Supp. 110 (D. Mass. 1993), which is inapplicable. In that case, the district court held only that the plaintiffs' complaint stated a sufficient reason for failing to exhaust administrative remedies and that defendant's motion to dismiss based on Fed. R. Civ. P. 12(b)(6) should be denied. The court found, based on the pleadings, that remand would be futile, but the court did not enter a final ruling on the issue. Id. at 125. In dicta, the court noted that inadequate notice could qualify as an arbitrary and capricious act by the plan administrator, but that was not the holding of the case. Plaintiff cites other cases where the exhaustion requirement was waived because remand would have been futile, but a deficient denial letter standing alone did not constitute grounds for a finding of futility. See DePina v. General Dynamics Corp., 674 F. Supp. 46 (D. Mass. 1987) (remand would have been futile because administrative record was complete); Ludwig v. NYNEX Service Co., 838 F. Supp. 769 (S.D.N.Y. 1993) (futility exception invoked when plan administrator refused to inform claimant of his appeal rights after multiple requests by plaintiff).

After reviewing the record, it is clear that this case must be remanded because the failure to exhaust administrative remedies has left the Court with an incomplete administrative record. The

Court has no basis to determine whether the Plan's decision to terminate benefits was arbitrary and capricious, because the administrative record does not contain any material explaining the basis for the Plan administrator's decision. The administrative record consists entirely of the two denial letters, a recorded statement by the plaintiff, the insurance policy, and a handful of Social Security and worker's compensation documents. The only evidence describing plaintiff's medical condition is the second denial letter and the recorded statement by the plaintiff, both of which are conclusory. Plaintiff's request for a ruling on the merits must be denied because, even assuming the Plan's improper denial letter caused some delay, plaintiff has failed to come forward with evidence to prove the severity of his medical condition or that the Plan administrator reached an arbitrary and capricious decision. The Tenth Circuit has stated that "[t]he remedy when an ERISA administrator fails to make adequate findings or to explain adequately the grounds of decision is to remand the case to the administrator for further findings or explanation." Caldwell v. Life Ins. Co. of North America, 287 F.3d 1276, 1289 (10th Cir. 2002).

In this case, there is no indication that remanding the case for exhaustion of administrative remedies would be futile, nor has plaintiff shown that the appeal process would be inadequate. See McGraw, 137 F.3d at 1263. To avoid remand, plaintiff must do more than show that the Plan administrator inadvertently omitted to inform plaintiff of his right to appeal the Plan's decision. The only case cited by plaintiff setting aside a plan administrator's decision based on procedural grounds requires the plaintiff to show a "significant error on a question of law, erroneously interpreting and applying section 1133." Halpin v. W.W. Grainger, Inc., 962 F.2d 685, 690 (7th Cir. 1992). Plaintiff has not pointed to a serious procedural error in this case and the Plan quickly corrected its mistake

8

by sending a notice letter that complied with section 1133.  Remanding the case will give plaintiff an opportunity to file an administrative appeal under the plan.[2]

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Dkt. # 5) is granted; plaintiff's cross-motion for summary judgment (Dkt. # 7) is denied.  This matter is hereby remanded to allow plaintiff an opportunity to exhaust his administrative remedies.

**DATED** this 26th day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Case law suggests that plaintiff may file an out-of-time administrative appeal if the plan administrator's notice of denial neglects to inform him of his right to appeal under the plan. See Counts, 111 F.3d at 108; Epright v. Environmental Resources Management, 81 F.3d 335, 342 (3rd Cir. 1996); Weaver, 990 F.2d at 159; White v. Jacobs Engineering Group Long Term Disability Benefit, 896 F.2d 344, 350 (9th Cir. 1990).